**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

CARMEL C. IRWIN,

   Plaintiff - Appellant,

 v.

FRANK BISIGNANO, Commissioner of
Social Security,

   Defendant - Appellee.

No. 24-3204

D.C. No.
3:23-cv-05567-SKV

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted June 6, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Carmel Irwin appeals the denial of her application for social security

disability benefits. Irwin contends that the administrative law judge ("ALJ") erred

by improperly discounting the testimony of non-examining physician Dr. Peterson,

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Irwin herself, and of lay witnesses. Irwin contends that, as a result, the ALJ did not properly assess her residual functional capacity and erred in step four and step five of the disability assessment.

1. We "review de novo the district court's order affirming the ALJ's denial of social security benefits and reverse only if the [ALJ's] decision was not supported by substantial evidence or is based on legal error." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). "Substantial evidence . . . is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation omitted).

2. The standard governing an ALJ's evaluation of the evidence differs with the type of evidence presented. In discounting a "non-examining, non-treating doctor's opinion," an ALJ must provide "reference to specific evidence in the medical record." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). To discount an applicant's symptom testimony, an ALJ must provide a reason other than a lack of objective medical evidence showing that the testimony is unreliable. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). And to discount lay testimony, the ALJ must provide "germane reasons." *Bayless v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

3. Here, the ALJ properly discounted all forms of testimony mentioned above. Because Irwin filed her application before March 27, 2017, the applicable

24-3204

regulations state that the ALJ should afford different weight to medical opinions based on whether the medical professional treated and/or examined the applicant. 20 C.F.R. § 404.1527(c). The opinions of medical professionals who treated or examined the applicant are to be given more weight than the opinions of those who did not. *Id.*; *see Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). The ALJ in this case discounted Dr. Peterson's testimony because Dr. Peterson's conclusions conflicted with those of the examining physician. The ALJ pointed to specific record evidence that supported the examining physician's report, and that conflicted with Dr. Peterson's opinion. Because the ALJ's analysis is supported by substantial evidence, we affirm.

4. The ALJ discounted applicant Irwin's testimony about her own symptoms because, although Irwin's impairments could be reasonably expected to cause the alleged symptoms to some degree, "the weight that can be given to the claimant's symptom reports is undermined[.]" The ALJ observed that doctors' notes and daily functioning reports from the relevant period reflect symptoms less severe than Irwin described. For example, although Irwin testified that she experienced muscle aches, sore and stiff legs, and throbbing pain, medical records from the relevant period show that Irwin's gait was normal and that she did not demonstrate any muscle atrophy or asymmetry. As the ALJ stated, "[w]hile fibromyalgia

causes limitation and pain that is not readily explainable with imaging or objective findings, the limitation in actual functioning from pain would be observable in functions like gait, tenderness, and range of motion[.]"

5. Irwin contends that the ALJ did not provide germane reasons to discount the testimony of her husband. But the husband's statements were inconsistent with the medical record as a whole. Inconsistency with medical evidence and the opinion of an examining physician is a germane reason to discount lay testimony.

6. Because the ALJ did not err in calculating Irwin's residual functional capacity, the ALJ did not err in relying on that residual functional capacity at steps four or five of the disability analysis.

**AFFIRMED.**

24-3204